Ashburn, J.
Two questions arise in this case :
1. Whether the probate court erred in refusing to dismiss the appeal ?
. 2. Did the probate court err in proceeding to impanel a jury in the case after it was reversed and remanded back by the court of common pleas ?
These questions will be considered in their order.
!• The records of this court show that a motion was made and allowed to supply a lost record in the case. The record before us was filed to supply the missing one. Counsel for plaintiff in error admit this record is defective, and without such admission its defects are so manifest as to render it wholly unreliable. Some portions of it may contain a true representation of a transaction in the lower courts, but when it fails to speak, and it so fails in many instances, we have no means of knowing what action was taken.
In this class of cases the probate court has only appellate jurisdiction, and the statute points out what must be done to complete the jurisdiction in that court. The appellant must give a written notice to the township clerk within five days after the decision of the trustees, and file a bond with the township clerk to his acceptance and that of the probate judge. Within ten days after filing the appeal bond there must be filed with the probate judge a full transcript of the proceedings. The existence of these things give jurisdiction.
The statute enabling probate courts to receive jurisdiction by appeal in ditch cases of this class provides (sec. 9) : “ That at the time specified in said notice said probate judge shall hear and determine all preliminary questions pertaining to such case. . . If, ou the hearing of the preliminary proceedings referred to above in this section, the probate judge shall find that the proceedings in appeal *623 have not been perfected according to this act, he shall dismiss the appeal at the costs of the appellant,” etc.
The statute requires the township clerk to make a “ full and complete record” of all the proceedings of the trustees, and also requires the probate judge to make in his court a record of the proceedings had in the case.
The record in this case is so defective that we can not say it contains any portion of the recorded proceedings of the trustees. It contains a paper signed by John Hardenfeldt, aud certified by John Hardenfeldt as a “full and complete transcript taken from the proceedings,” etc. He has no official character or designation in the record. As record authority, in evidence, the paper might as well have been signed by John Smith.
Where jurisdiction is special and the law requires the concurrence of certain facts to confer jurisdiction, it will not be inferred that the tribunal had acquired jurisdiction because it proceeded to act as if jurisdiction had in fact been conferred. In this class of cases notice given and bond filed in a given time are jurisdictional facts. But, while this is the general rule in the absence of a complete record of the proceedings, we are authorized to presume that a “ full and complete record ” would show that the required notice was given and the necessary appeal bond filed with the proper officer in due time.
This presumption comes with more force when we consider that Allyn, the plaintiff in error, was appellant, and it was his duty to give the notice for appeal and file the requisite bond. As an element in the case we will presume the probate court examined all preliminary jurisdictional questions, and that a complete record would show the court found the appeal had been perfected.
2. It is claimed, when the probate court had sent out one jury, its powers were exhausted, and it was error to impanel and send out a second.
The appeal to the probate court vacated all the proceedings had before the trustees. After the appeal the law required the probate judge to impanel a jury of twelve disin *624 terested freeholders of the county, administer to them an oath, and then the jury are to investigate the questions submitted to them by the statute, and make report in writing to the court. This was done. But the report of the jury was so defective that the court of common pleas reversed the proceedings of probate court and jury, and remanded the case to the probate court for further proceedings.
The reversal of the case as effectively vacated the proceedings of the probate court, as the appeal did the proceedings of the trustees. The appellant here interposed his first objection, and denied the power of the court to impanel a ■secondjury. What could the court do in the absence of express statutory provision on the subject ? Proceed as a matter of right arising from the nature and necessity of the case. Without express provision authorizing it, a court, having acquired jurisdiction of the parties and the subject-matter, may exercise all powers necessary to secure a speedy and impartial trial of all cases pending therein. 26 Ohio St. 434. The case then stood in the probate court as if no jury had ever been impaneled, and the probate court had the same power to impanel a jury after reversal as it had before.
It is urged that the probate court erred in making a finding approving the report of the jury. We think the statute, from the nature of the duties required of the court, authorizes an approval and confirmation of the report of the jury. If it does not, no error could result to the prejudice of the plaintiff in error from such act of the court.
Many suggestions are made by counsel for plaintiff in error (no counsel appearing for the defendants), indicating error in the proceedings of the courts, but in the absence of a full and complete record, we are unable to say how far they are sustained.
Judgment affirmed, and cause remanded to the court of common pleas for execution.